UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        Case No. 16-20648

v.                                       District Judge David M. Lawson
                                         Magistrate Judge Kimberly G. Altman

DEVONTE PHILLIPS,

       Defendant.
_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Devonte Phillips is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On October 1, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons. For the reasons which follow, the government's motion is granted.

## Factual Background

On November 3, 2017, Defendant was sentenced to 60 months incarceration and three years of supervised release following his conviction for bank robbery. His term of supervision began on March 3, 2022.

According to the violation report filed on August 1, 2024, Defendant is alleged to have violated the terms of his supervised release by engaging in new criminal activity. Specifically, Defendant has two active felony warrants from Roseville and Southfield for retail fraud. He was also apprehended in a stolen vehicle which belonged to Defendant's sister and his sister knew Defendant was driving it without her permission. Defendant fled on foot and was eventually located hiding in a doghouse.

A hearing on the supervised release petition is scheduled before Judge Lawson on October 16, 2024.

**<u>Analysis</u>**

Because Defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of Criminal Procedure 32.1. Under Rule 32.1(a)(6), a magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 8 U.S.C. § 3143(a)(1). The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6).

The government argues that Defendant has not meet his burden as to danger. The Court agrees. As the Court noted at the hearing, Defendant has a history of non-compliance while under supervision by engaging in criminal activity. He was given bond pretrial but violated by shoplifting, the very same conduct as alleged in the petition. That violation was dismissed due to Defendant serving time in state court. Defendant's bond was later modified for home detention and tether. Defendant violated those conditions by being involved in a violent domestic violence incident. That led to an emergency motion which was granted and his bond was revoked. Defendant is also currently on MDOC supervision. He has a pattern of stealing, whether it be from a bank or a business. He has not shown that he can in complaint in the community. The only way to assure the safety of those in the community is for Defendant to remain in custody pending the hearing. In sum, although the Court is not unsympathetic to Defendant, he has not met the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6).

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult

privately with defense counsel.  On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: October 2, 2024　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge